IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRICE HOLCOMB,

                                      OPINION and ORDER

        Plaintiff,

                                      18-cv-608-bbc

        v.

TODD DART and LUIS FRANCA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Tyrice Holcomb has filed a proposed civil action under 42 U.S.C. § 1983, contending that defendants Todd Dart and Luis Franca, two police officers from the Town of Madison Police Department, violated his constitutional rights when they arrested him, broke his window and used excessive force. Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

      Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because his complaint does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Plaintiff Tyrice Holcomb says very little in his complaint, alleging only that defendants Todd Dart and Luis Franca arrested him on "false charges" on May 8, 2018, at which time they broke his window and used excessive force. He also states that defendants' actions were caused by "misguided negligence."

A plaintiff states a claim for excessive force under the Fourth Amendment if they allege facts suggesting that police officers used "unreasonable" force in light of the "facts and circumstances of the particular case." Kingsley v. Hendrickson, — U.S. —, 135 S. Ct. 2466, 2473 (2015). Factors that may be relevant to this determination include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id.

In this instance, I cannot determine whether plaintiff has a potential excessive force claim because he has not included enough information about the incident on May 8, 2018. In particular, he does not explain why defendants were at his residence, what prompted them to use force, how much force defendants used or even the type of force they used. He also does not state whether he presented any threat to defendants, whether he was resisting or whether he was injured.

It is also not clear whether plaintiff wishes to bring some other claim in addition to a claim of excessive force. He states that he was arrested on "false charges," but he does not

2

explain what he means by this. He also does not explain what "misguided negligence" means.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. Accordingly, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing.

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- Why was plaintiff arrested on May 8, 2018?
- Why does plaintiff believe the charges were "false"?
- What were the circumstances of the arrest?
- Why did defendants use force against plaintiff?
- What type of force did defendants use?
- Was plaintiff injured?

- Does plaintiff believe defendants violated his rights in other ways besides their alleged use of excessive force?

- What type of relief is plaintiff seeking?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff Tyrice Holcomb's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 27, 2018 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by September 27, the clerk of court is directed to close this case.

Entered this 10th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge