IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRICE HOLCOMB,

                                                                                           OPINION AND ORDER

                Plaintiff,

                                                                                            18-cv-608-bbc

     v.

TODD DART and LUIS FRANCA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Tyrice Holcomb is proceeding on claims that defendants Todd Dart and Luis Franca, two police officers from the Town of Madison Police Department, violated his Fourth Amendment rights by arresting him for a non-criminal offense and using unreasonable force in the course of the arrest. Before the court is defendants' motion for summary judgment. Dkt. #14. Because no reasonable jury could conclude that defendants violated plaintiff's constitutional rights, I am granting the motion.

From defendants' proposed findings of fact and the footage from defendants' body cameras, I find the following facts to be material and undisputed unless otherwise noted.

UNDISPUTED FACTS

On May 8, 2018, defendants Todd Dart and Luiz Franca, Town of Madison police officers, were on foot patrol within the Town limits when they saw plaintiff Tyrice Holcomb sitting in a parked car in the parking lot of an apartment complex. (Plaintiff says that defendants were not on "foot patrol" and likely saw him parking his vehicle, but he cites no

1

evidence to support his statement.) As Dart approached plaintiff's vehicle, he saw plaintiff raise a glass pipe to his mouth and inhale. (Plaintiff says that he was not smoking at the time of his "arrest" and that he did not have a detectable amount of THC in his blood, but he does not deny that he had marijuana and drug paraphernalia in his car or that he had been smoking marijuana in his car.) As defendants got closer to plaintiff's car, they could smell marijuana, could see a rolled up cigarette with a partially burnt substance and could see that plaintiff had his keys in the vehicle. Defendants initiated their body cameras and asked plaintiff to step out of his vehicle, but plaintiff refused and stated that he was not doing anything illegal. For more than four minutes, defendants repeatedly asked plaintiff to step out of his car and told him that smoking marijuana was illegal in the Town of Madison. They told plaintiff that if he stepped out of his car they would issue him a citation instead of arresting him, but warned him that if he did not cooperate and exit his car, they would break his window, arrest him and take him to jail.

After warning plaintiff several times that he was going to break his window, defendant Franca broke the passenger car window and unlocked the doors. Defendants then assisted plaintiff out of the car and arrested him for possession of THC in violation of Wis. Stat. § 961.41(3g)(e), possession of drug paraphernalia in violation of Wis. Stat. § 961.573(1), and resisting and obstructing an officer in violation of Wis. Stat. § 946.41(1). Defendants searched the car and found marijuana and drug paraphernalia. The charges were referred to the Dane County District Attorney's office, which reduced the charges to county ordinance violations for possession of THC and drug paraphernalia. The district attorney's charging memo states that the charges were reduced because of the "total weight of THC located, lack of prior criminal

history, arrest and transport to jail, pre-IA time in jail, fines/costs, and having to pay to replace the passenger window." Dkt. #15-1. Plaintiff pleaded no contest to the ordinance violations and paid a civil forfeiture fee of $402.26.

OPINION

I granted plaintiff leave to proceed on two Fourth Amendment claims: (1) defendants arrested and detained him unlawfully for a non-criminal ordinance violation; and (2) defendants used excessive force when they broke his car window. The undisputed evidence and body camera footage confirms that plaintiff cannot succeed on either claim.

First, plaintiff was not arrested for a non-criminal ordinance violation. Plaintiff argues that possession of marijuana and drug paraphernalia has been "decriminalized" in the City of Madison under Madison Ordinances 23.20, but this does not help plaintiff because he was arrested in the Town of Madison, which has not decriminalized the possession of marijuana. Additionally, although plaintiff was charged and pleaded no contest to non-criminal county ordinance violations, plaintiff was *arrested* for the criminal possession of THC in violation of Wis. Stat. § 961.41(3g)(e), possession of drug paraphernalia in violation of Wis. Stat. § 961.573(1), and resisting and obstructing an officer in violation of Wis. Stat. § 946.41(1). The evidence in the record confirms that defendants had probable cause to arrest plaintiff for violation of these criminal statutes. In this instance, defendants saw plaintiff with a glass marijuana pipe and they smelled marijuana. Therefore, they had probable cause to believe that plaintiff possessed marijuana and drug paraphernalia. Coleman v. City of Peoria, Illinois, 925 F.3d 336, 350 (7th Cir. 2019) (citations omitted) ("Probable cause exists where the police

officer is aware of facts and circumstances 'sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'"). Because it is well-established that a police officer may arrest someone if the officer has "probable cause to believe that an individual has committed even a very minor criminal offense in his presence," <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318, 354 (2001), defendants did not violate the Fourth Amendment by arresting plaintiff.

Plaintiff's second claim is that defendants used unreasonable force when they broke the window of his vehicle and removed him from his car. To succeed on his excessive force claim, plaintiff would need to show that defendants used "unreasonable" force in light of the "facts and circumstances of the particular case." <u>Kingsley v. Hendrickson</u>, — U.S. —, 135 S. Ct. 2466, 2473 (2015). Factors that may be relevant to this determination include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. <u>Id.</u>

In this instance, plaintiff has not shown that defendants' use of force was unreasonable. "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest." <u>Stainback v. Dixon</u>, 569 F.3d 767, 772 (7th Cir. 2009). The body camera footage shows that defendants used only enough force to effectuate the arrest. Defendants told plaintiff repeatedly that possession of marijuana was illegal in the Town of Madison and they asked him to exit his vehicle, but plaintiff refused. Defendants told plaintiff that he could receive a citation, rather than go to jail, but plaintiff

4

continued to ignore their directives. Defendants did not know whether plaintiff intended to drive away, potentially while intoxicated, or engage in further criminal behavior. Defendants' decision to break the passenger-side window and arrest plaintiff was not unreasonable under the circumstances. Further, the video shows that defendants acted calmly while assisting plaintiff from the vehicle and while handcuffing him. Accordingly, defendants are entitled to summary judgment on plaintiff's excessive force claim as well.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Todd Dart and Luis Franca, dkt. #14, is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 25th day of June, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge